Filed 9/17/15  P. v. Wilson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B262167 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 4PH07778-01) |
| v. | |
| GEOFFREY FITZGERALD WILSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark G. Nelson, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Geoffrey Wilson appeals from the court's order revoking and restoring his parole following a contested parole revocation hearing. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we provide a brief description of the facts and procedural history of the case.

In 2002, appellant was convicted of rape "by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury." (Pen. Code, § 261, subd. (a)(2).) Appellant's three-year period of supervision began in December 2012. Among his conditions of parole were that he not engage in conduct prohibited by law and that he report to, enroll in, and actively participate in a sex offender treatment program.

In November 2014, the Department of Corrections and Rehabilitation, Division of Adult Parole Operations, filed a petition for revocation of appellant's parole. The petition alleged appellant had disturbed the peace in violation of Penal Code section 415 and had failed to actively participate in out-patient sex offender treatment.

In brief, the following evidence was adduced at the contested revocation hearing. Appellant attended group counseling for sex offenders. The group members were supposed to be working on a relapse prevention plan. Appellant refused to participate. He told the therapist leading the group something along the lines of, "I didn't commit any crimes, I don't belong here and I don't need to do this." The therapist described him as uncooperative, argumentative, very oppositional, and defiant. He "sat there with clenched fists." He used a raised voice with the therapist and talked over her, and there was so much arguing that the other group members became restless and showed signs of being anxious. He was argumentative with other group members when they told him to participate. This went on for "a few minutes." The therapist excused him from the group to take a "cooling off period" and said he could return afterward. She asked him to step out approximately 35 to 40 minutes after the group session started. Appellant did so and

2

did not return to the group. The therapist said appellant had a "very clear pattern" of being uncooperative and not participating during his five or six sessions with her.

Another participant in the group session, Major Williams, served as a defense witness. Williams said that appellant did not get upset with the therapist or raise his voice to her, but he disagreed with her. She, on the other hand, raised her voice to appellant. He refused to write something down on the relapse prevention plan because he refused to incriminate himself. When she told him to leave until the next session, appellant said "thank you" and left.

Appellant also testified in his defense. Appellant did not want to answer questions on the relapse prevention plan that assumed he had committed a crime because he was actively pursuing a petition for writ of habeas corpus. He had told the therapist this before the group session, and she appeared to understand. But the therapist would not allow him to write on his plan, "I did not commit the crime." He began to write that the therapist would not allow him to answer as he wished. She stopped him by asking what he was writing. He replied, "What you said." Those were the only words he said at the meeting. At this point, she told him to "get out" and said he could return for the second half of the session. Appellant left and went home. He was at the session for approximately five minutes before he left. Appellant's GPS tracking record showed that, before leaving, he was at the group session for 11 minutes and 42 seconds after the session started.

The court found a parole violation based on the fact that appellant did not return to the second half of the group session, which the court ruled was required if not by the therapist, then by appellant's special conditions of parole. The court did not find a violation for disturbing the peace and struck the allegation. The court revoked and restored appellant's parole on the same terms and conditions with a modification to serve 130 days in jail. Because appellant had served 65 days while the case was pending and had 65 days of conduct credit, he had already served the jail time.

3

**DISCUSSION**

We appointed counsel to represent appellant in this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On June 22, 2015, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. Appellant did not file a supplement brief.

We have examined the entire record. We are satisfied that no arguable issues exist and that appellant's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see *People v. Kelly, supra*, 40 Cal.4th at pp. 123-124.)

**DISPOSITION**

The judgment is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.

4